IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | No. 8:18-CV-1636-AG (DFMx) |
| Plaintiff, | |
| vs. | PRELIMINARY INJUNCTION |
| APARTMENT HUNTERS, INC. *et al.*, | |
| Defendants. | |

On September 11, 2018, the Federal Trade Commission ("Commission"), filed its Complaint for Permanent Injunction and Other Equitable Relief pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b) against Apartment Hunters, Inc., also doing business as WeTakeSection8.com, ApartmentHunterz.com, and FeaturedRentals.com, Real Estate Data Solutions, Inc., Rental Home Listings Inc., UAB Apartment Hunters LT, Steven Shayan, and Kevin Shayan. (Docket No. 1). The Commission applied for a temporary restraining order ("TRO") and for an order to show cause why a preliminary injunction should not issue pursuant to Rule 65 of the Federal Rules of Civil Procedure. (Docket No. 9). On September 13, 2018, the Court issued a TRO against all Defendants and ordered Defendants to appear before the Court on September 24, 2018 to show cause why the Court should not enter a preliminary injunction, pending final ruling on the Complaint against Defendants, enjoining the

violations of the law alleged in the Complaint, continuing the preservation of their Assets, and imposing such additional relief as may be appropriate. (Docket No. 14). At the September 24, 2018 hearing, the Court ruled that the Temporary Restraining Order was converted into a Preliminary Injunction. The Court, having considered the Complaint, declarations, exhibits, memoranda and argument presented, makes the following findings of fact and conclusions of law:

**FINDINGS**

A.    This Court has jurisdiction over the subject matter of this case, and there is good cause to believe that it will have jurisdiction over all parties hereto and that venue in this district is proper.

B.    Defendants make false, misleading, or unsubstantiated claims that consumers who subscribe to their websites find rental housing, including housing that is approved for Section 8 Housing Vouchers, within seven business days or less, that the rental listings on the Defendants' websites are accurate, up-to-date, and available for consumers to rent, that Defendants have exclusive rights to list certain rental listings on their websites, and that consumers cannot find these listings on free websites.

C.    There is good cause to believe that Defendants have engaged in and are likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and that Plaintiff is therefore likely to prevail on the merits of this action. The FTC has established a likelihood of success in showing that Defendants have made material misrepresentations in the promotion and sale of subscriptions for rental listings to numerous consumers, as demonstrated by screen captures of Defendants' websites, declarations and complaints from consumers, declarations and complaints from landlords, a declaration from a representative of the Housing Authority for San Bernardino County, the declaration of a FTC investigator, and the additional documentation filed by the FTC.

D. There is good cause to believe that immediate and irreparable harm will result from Defendants' ongoing violations of the FTC Act unless Defendants are restrained and enjoined by order of this Court.

E. There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers—including monetary restitution, rescission, disgorgement or refunds—will occur from the sale, transfer, destruction or other disposition or concealment by Defendants of their Assets, unless Defendants are immediately restrained and enjoined by order of this Court from doing so outside the ordinary course of business.

F. There is good cause to believe that immediate and irreparable damage to the Court's ability to resolve the case on the merits will occur absent a Court Order requiring the preservation of Defendants' documents, records, and databases.

G. Defendants have been noticed and provided an opportunity to defend Plaintiff's request for a Preliminary Injunction.

H. Good cause exists permitting the Plaintiff to take limited expedited discovery.

I. Weighing the equities and considering Plaintiff's likelihood of ultimate success on the merits, a temporary restraining order with expedited discovery, a prohibition on listing, or marketing or selling access to, rental listings for properties that accept, or purportedly accept, Section 8 vouchers or other government housing subsidies, and other equitable relief is in the public interest.

J. This Court has authority to issue this Order pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b) and Federal Rule of Civil Procedure 65.

K. No security is required of any agency of the United States for issuance of a temporary restraining order. Fed. R. Civ. P. 65(c).

**DEFINITIONS**

For the purpose of this Order, the following definitions shall apply:

A. **"Advertisement"** or **"advertising"** means any written or verbal statement, illustration, or depiction that promotes the sale of a good or service or is designed to increase consumer interest in a brand, good, or service. Advertising media include, but are not limited to, packaging and labeling; promotional materials; print; television; radio; mobile applications; and Internet, social media, and other digital content.

B. **"Asset"** includes any legal or equitable interest in, right to, or claim to, any real and personal property, including, but not limited to, websites, chattel, goods, instruments, equipment, fixtures, general intangibles, inventory, checks, notes, leaseholds, effects, contracts, mail or other deliveries, shares of stock, interest in mutual funds, lists of consumer names, accounts, credits, premises, receivables, funds, and cash, wherever located, whether in the United States or abroad.

C. **"Corporate Defendant(s)"** means Apartment Hunters, Inc., also d/b/a WeTakeSection8.com, ApartmentHunterz.com, and FeaturedRentals.com; Real Estate Data Solutions, Inc.; Rental Home Listings Inc.; UAB Apartment Hunters LT; individually or collectively, and each of their subsidiaries, affiliates, successors, and assigns.

D. **"Defendant(s)"** means Corporate Defendants, Kevin Shayan, and Steven Shayan, individually, collectively, or in any combination.

E. **"Document"** is synonymous in meaning and equal in scope to the usage of "document" and "electronically stored information" in Federal Rule of Civil Procedure 34(a), Fed. R. Civ. P. 34(a), and includes writings, drawings, graphs, charts, photographs, sound and video recordings, images, Internet sites, web pages, websites, databases, electronic correspondence, including e-mail, chats, and instant messages, contracts, accounting data, advertisements, FTP Logs, Server Access Logs, books, written or printed records, handwritten notes, telephone or videoconference logs, telephone scripts, receipt books, ledgers, personal and

business canceled checks and check registers, bank statements, appointment books, computer records, customer or sales databases and any other electronically stored information, including Documents located on remote servers or cloud computing systems, and other data or data compilations from which information can be obtained directly or, if necessary, after translation into a reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

F. **"Housing Voucher"** means a rent subsidy voucher issued by a government housing agency pursuant to Section 8 of the United States Housing Act of 1937, 42 U.S.C. § 1437f.

G. **"Individual Defendants"** means Kevin Shayan and Steven Shayan, individually or collectively.

# ORDER

## I. PROHIBITION AGAINST LISTING AND MARKETING OF GOVERNMENT-SUBSIDIZED RENTAL HOUSING, INCLUDING ANY RENTAL PROPERTIES THAT ACCEPT HOUSING VOUCHERS

**It is Ordered that** Defendants are restrained and enjoined from advertising, marketing, promoting, offering for sale, or selling, or assisting others in the advertising, marketing, promoting, offering for sale, or selling of, access to rental listings for properties that have been approved for, accept, or purportedly accept Housing Vouchers or any type of government rent subsidy.

## II. PROHIBITION AGAINST THE USE OF CERTAIN TERMS IN CONNECTION WITH MARKETING OF ACCESS TO RENTAL LISTINGS

**It is further Ordered that** Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the advertising,

marketing, promoting, offering for sale, or selling of subscriptions or access to rental listings are restrained and enjoined from using in any domain names, Uniform Resource Locators (URLs) for public-facing websites, keywords purchased to advertise Defendants' services on search engines, mobile applications, or business names or aliases, any of the following terms:

- "**Section 8,**"
- "**Voucher,**"
- "**Subsidized,**"
- "**Affordable housing,**"
- "**Low-income,**"
- "**Public housing,**"
- "**Income-based,**" or
- "**Project-based.**"

### III. PROHIBITION AGAINST DECEPTIVE CLAIMS RELATING TO RENTAL LISTINGS, INCLUDING FALSE OR UNSUBSTANTIATED CLAIMS

**It is further Ordered that** Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, or selling of subscriptions or access to rental listings are restrained and enjoined from:

A. making any misrepresentation, or assisting others in making any misrepresentation, expressly or by implication:

    1. about the number of listings contained in any website or database;

    2. about the length of time it takes users of a website or database to find rental housing;

|   |   |   |   |
|---|---|---|---|
| 1 |   | 3. | that rental listings on a website or database contain accurate contact information for landlords; |
| 3 |   | 4. | that rental listings on a website or database are up to date; |
| 4 |   | 5. | that rental listings on a website or database are exclusive or not found on other websites; |
| 6 |   | 6. | that rental listings on a website or database are available for rent; or |
| 8 |   | 7. | about any other fact material to consumers concerning the purchase of a subscription or access to rental listings, such as: the total costs; any material restrictions, limitations, or conditions; the nature or terms of a refund or cancellation; or any material aspect of its performance, efficacy, nature, or central characteristics; and |

B. making or assisting others in making any representation, expressly or by implication, about the benefits, performance, or efficacy of websites or databases that contain rental listings (including the representations set forth in Section III.A.1-7, above), unless:

1. the representation is non-misleading;
2. there is a reasonable basis for the representation at the time the representation is made; and
3. there is written substantiation for the representation in the Defendants' possession at the time the representation is made.

## IV. PROHIBITION AGAINST MISREPRESENTATIONS RELATING TO ANY GOOD OR SERVICE

**It is further Ordered that** Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the advertising,

marketing, promoting, offering for sale, or selling of any good or service are restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication: the total costs; any material restrictions, limitations, or conditions; any material aspect of its performance, efficacy, nature, or central characteristics; the nature or terms of a refund or cancellation; or any other material fact.

## V. PRESERVATION OF DOCUMENTS, RECORDS, AND DATABASES

**It is further ordered that** Defendants, Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby restrained and enjoined from:

A. Destroying, erasing, falsifying, writing over, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, Documents, records, or databases that relate to: (1) the business, business practices, Assets, or business or personal finances of any Defendant; (2) the business practices or finances of entities directly or indirectly under the control of any Defendant; or (3) the business practices or finances of entities directly or indirectly under common control with any other Defendant; and

B. Failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect Defendants' incomes, disbursements, transactions, and use of Defendants' Assets.

## VI. DISTRIBUTION OF ORDER BY DEFENDANTS

**It is further ordered that** Defendants shall immediately provide a copy of this Order to each affiliate, telemarketer, marketer, sales entity, successor, assign, member, officer, director, employee, agent, independent contractor, client, attorney, spouse, subsidiary, division, and representative of any Defendant, and shall, within ten (10) days from the date of entry of this Order, provide Plaintiff with a sworn statement that this provision of the Order has been satisfied, which statement shall

include the names, physical addresses, phone number, and email addresses of each such person or entity who received a copy of the Order.  Furthermore, Defendants shall not take any action that would encourage officers, agents, members, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns or other persons or entities in active concert or participation with them to disregard this Order or believe that they are not bound by its provisions.

## VII.  ASSET PRESERVATION

**It is further ordered that** Defendants shall take all steps necessary to preserve Defendants' Assets, as well as the Assets of its affiliated companies, and to refrain from liquidating, converting, encumbering, pledging, loaning, selling, dissipating, disbursing, granting a lien or security interest or other interest in, or otherwise disposing of any funds, real or personal property, or other Assets, outside of the ordinary course of business.

## VIII.  FINANCIAL DISCLOSURES

**It is further ordered** that within five (5) days following the service of this Order, each Defendant that has not provided complete financial disclosures pursuant to the TRO entered on September 13, 2018 (Docket No. 14), shall prepare and deliver to Plaintiff's counsel:

    A.    completed financial statements on the forms attached to this Order as **Attachment A** (Financial Statement of Individual Defendant) for each Individual Defendant, and **Attachment B** (Financial Statement of Corporate Defendant) for each Corporate Defendant;

    B.    completed **Attachment C** (IRS Form 4506, Request for Copy of a Tax Return) for each Individual and Corporate Defendant.

## IX.  LIMITED EXPEDITED DISCOVERY

**It is further ordered** that, notwithstanding the provisions of the Fed. R. Civ. P. 26(d) and (f) and 30(a)(2)(c), and pursuant to Fed. R. Civ. P. 30(a), 34, and 45,

Plaintiff is granted leave, at any time after service of this Order, to conduct limited expedited discovery for the purpose of discovering: (1) the nature, location, status, and extent of Defendants' Assets; (2) the nature, location, and extent of Defendants' business transactions and operations; (3) Documents reflecting Defendants' business transactions and operations; or (4) compliance with this Order. The limited expedited discovery set forth in this Section shall proceed as follows:

    A.    Plaintiff may take the deposition of parties and non-parties. Forty-eight (48) hours' notice shall be sufficient notice for such depositions. The limitations and conditions set forth in Rules 30(a)(2)(B) and 31(a)(2)(B) of the Federal Rules of Civil Procedure regarding subsequent depositions of an individual shall not apply to depositions taken pursuant to this Section. Any such deposition taken pursuant to this Section shall not be counted towards the deposition limit set forth in Rules 30(a)(2)(A) and 31(a)(2)(A) and depositions may be taken by telephone or other remote electronic means;

    B.    Plaintiff may serve upon parties requests for production of Documents or inspection that require production or inspection within five (5) calendar days of service, provided, however, that three (3) calendar days of notice shall be deemed sufficient for the production of any such Documents that are maintained or stored only in an electronic format.

    C.    Plaintiff may serve upon parties interrogatories that require response within five (5) calendar days after Plaintiff serves such interrogatories;

    D.    The Plaintiff may serve subpoenas upon non-parties that direct production or inspection within five (5) calendar days of service.

    E.    Service of discovery upon a party to this action, taken pursuant to this Section, shall be sufficient if made by facsimile, email, or by overnight delivery.

    F.    Any expedited discovery taken pursuant to this Section is in addition to, and is not subject to, the limits on discovery set forth in the Federal Rules of

Civil Procedure and the Local Rules of this Court. The expedited discovery permitted by this Section does not require a meeting or conference of the parties, pursuant to Rules 26(d) & (f) of the Federal Rules of Civil Procedure.

G. The Parties are exempted from making initial disclosures under Fed. R. Civ. P. 26(a)(1) until further order of this Court.

## X. SERVICE OF THIS ORDER

**It is further ordered that** copies of this Order may be served by any means, including facsimile transmission, electronic mail or other electronic messaging, personal or overnight delivery, U.S. Mail or FedEx, by agents and employees of Plaintiff, by any law enforcement agency, or by private process server, upon any Defendant or any Person (including any financial institution) that may have possession, custody or control of any Asset or Document of any Defendant, or that may be subject to any provision of this Order pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure. For purposes of this Section, service upon any branch, subsidiary, affiliate or office of any entity shall effect service upon the entire entity.

## XI. CORRESPONDENCE AND SERVICE ON PLAINTIFF

**It is further ordered that**, for the purpose of this Order, all correspondence and service of pleadings on Plaintiff shall be addressed to:

Rhonda Perkins (rperkins@ftc.gov)

Amanda Grier (agrier@ftc.gov)

Federal Trade Commission

600 Pennsylvania Ave., NW

Mailstop CC-8528

Washington, DC 20580

Fax: 202-326-3395

## XII. RETENTION OF JURISDICTION

**It is further ordered that** this Court shall retain jurisdiction of this matter for all purposes, including the construction, modification, and enforcement of this Order.

**SO ORDERED**, this 27th day of September, 2018, at 10:25 a.m.

_____
ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE