JS-6

NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| FEDERAL TRADE COMMISSION, | Case No. 8:18-CV-01636-AG(DFMx) |
|---|---|
| Plaintiff, | |
| v. | **FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF AS TO ALL DEFENDANTS** |
| APARTMENT HUNTERS, INC., *et al.* | |
| Defendants. | |

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b) (Docket No. 1), and moved for summary judgment on all counts against all Defendants (Docket No. 77). The Court granted summary judgment to the FTC (Docket No. 91), and now issues this Final Judgment and Order for Permanent Injunction and Other Equitable Relief against Defendants.

**IT IS ORDERED**:

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A. "**Corporate Defendants**" means Apartment Hunters, Inc., also d/b/a WeTakeSection8.com, ApartmentHunterz.com, and FeaturedRentals.com; Real Estate Data Solutions, Inc.; Rental Home Listings Inc.; UAB Apartment Hunters LT; and their successors and assigns.

B.    "**Defendants**" means Corporate Defendants, Kevin Shayan, and Steven Shayan, individually, collectively, or in any combination.

## ORDER

### I.    Ban on Marketing Rental Listings

**It is ordered that** Defendants are permanently restrained and enjoined from advertising, marketing, promoting, offering, selling, or assisting others in advertising, marketing, promoting, offering, or selling, subscriptions for or access to the listing of a dwelling for rent, including a single-family home, townhouse, apartment, or condominium unit.

Provided, however, that this Order does not prohibit Defendants from listing properties that any Defendant owns for rent.

### II.    Prohibition Against Misrepresentations

**It is further ordered that** Defendants, Defendants' officers, agents, employees, attorneys, and all other persons, in active concert or participation with them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with advertising, marketing, promoting, offering, or selling of any good or service are permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication: the total cost; any material restriction, limitation, or condition; any material aspect of its performance, efficacy, nature, or central characteristics; the nature or terms of a refund or cancellation; or any other material fact.

### III.    Monetary Provisions

**It is further ordered that:**

A.    Judgment in the amount of Six Million Thirty-Seven Thousand Six Hundred Eighty-Six Dollars and Ninety-Nine Cents ($6,037,686.99) is entered in favor of the Commission against Defendants, jointly and severally, as equitable monetary relief.

B. All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement.

C. Defendants Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which were previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

## IV. Order Acknowledgments

**It is further ordered that** Defendants obtain acknowledgments of receipt of this Order:

A. Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 20 years after entry of this Order, Kevin Shayan or Steven Shayan, for any business that he, individually or collectively with any other Defendants, is the majority owner, or controls directly or indirectly, and the Corporate Defendants, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities related to approving the content of any Defendant's website; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7

3

days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

    C.    From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## V. Compliance Reporting

**It is further ordered that** Defendants make timely submissions to the Commission:

    A.    One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury.

        1.    Each Defendant must:

            a)    Identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with that Defendant;

            b)    Identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

            c)    Describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Kevin Shayan or Steven Shayan must describe if he knows or should know due to his own involvement);

            d)    Identify all websites owned or operated, directly or indirectly, by that Defendant;

            e)    Describe in detail whether and how that Defendant is in compliance with each Section of this Order; and

            f)       Provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

    2.      Additionally, Kevin Shayan and Steven Shayan must each:

            a)       Identify all of his telephone numbers and all physical, postal, email and Internet addresses, including all residences;

            b)       Identify all of his business activities, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest; and

            c)       Describe in detail his involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.      For 20 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

    1.      Each Defendant must report any change in:

            a)       Any designated point of contact; or

            b)       The structure of the Corporate Defendants or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

    2.      Additionally, Kevin Shayan and Steven Shayan must each report any change in:

a) His name, including aliases or fictitious name, or residence address; or

b) His title or role in any business activity, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C. Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against him within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: *FTC v. Apartment Hunters, Inc.*

## VI. Recordkeeping

**It is further ordered that** Defendants must create certain records for 20 years after entry of the Order, and retain each such record for 5 years. Specifically, for any business that a Defendant, individually or collectively with any other

Defendants, is a majority owner or controls directly or indirectly, that Defendant must create and retain the following records:

   A.   Accounting records showing the revenues from all goods or services sold.

   B.   Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name, addresses, telephone numbers, job title or position, dates of service, and (if applicable) the reason for termination.

   C.   All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission.

## VII.   Compliance Monitoring

**It is further ordered that**, for the purpose of monitoring Defendants' compliance with this Order:

   A.   Within 14 days of receipt of a written request from a representative of the Commission, Defendants must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

   B.   For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant. Defendants must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

   C.   The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the

necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

### VIII. Retention of Jurisdiction

**It is further ordered that** this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED,** this 6th day of December, 2019.

\*  _____
HONORABLE ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE

**\*THIS DOCUMENT IS SIGNED SUBJECT TO PREVIOUS COMMENTS OF THIS COURT.**